UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PLEX SYSTEMS, INC., | Case No. 21-cv-10668 |
| Plaintiff, | Judge Judith E. Levy |
| v. | Mag. Judge David R. Grand |
| AMD PLASTICS, LLC, | |
| Defendant. | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Plex Systems, Inc. ("Plex"), by its attorneys, Hickey Hauck Bishoff Jeffers & Seabolt, PLLC, for its First Amended Complaint against Defendant, AMD Plastics, LLC ("AMD"), states as follows:

## NATURE OF THE ACTION

1. This breach of contract action arises out of Defendant's failure to pay Plex for an annual subscription to the Plex Manufacturing Execution Suite, an annual subscription to Plex education subscription services and training, Plex EDI Trading Partner subscription services, and other professional services pursuant to the parties' contract

## PARTIES, JURISDICTION AND VENUE

2. Plex is a corporation organized under the laws of the State of Delaware with its principal place of business located at 900 Tower Drive, Suite 1500, Troy,

1

Michigan 48090.

3. At all times relevant, Plex has been a leading developer and provider of cloud-based software and other services, including cloud manufacturing and resource planning software and services.

4. Upon information and belief, Defendant is an Ohio limited liability company with its principal place of business located at 27600 Lakeland Blvd, Euclid, Ohio 44132.

5. Upon information and belief, Defendant has two members, Brian Coll and AMD Plastics, Inc. Both of the aforementioned members are citizens of Ohio and are domiciled in Ohio.

6. Upon information and belief, AMD member and chief executive officer Brian Coll is a citizen of Ohio with his residence located in Zanesville, Ohio.

7. Upon information and belief, AMD member AMD Plastics, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Lake County, Ohio.

8. At all times relevant, Defendant is a thermoforming plastics manufacturer for the automotive, medical supply, and other industries.

9. This case is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this case is between a citizen of

Michigan and Delaware, on the one hand, and a citizen of Ohio, on the other.

10. This Court has personal jurisdiction over Defendant because the Defendant transacted to do business in Oakland County, Michigan with Plex, including entering into the subject contract with Plex, this action arises out of that business, and Defendant consented to jurisdiction in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

12. On or about May 14, 2020, Defendant entered into a contract with Plex to provide an annual subscription to the Plex Manufacturing Cloud, an annual subscription to Plex education subscription services and training, and professional services to configure solutions for Defendant. The contract consists of the Plex Systems, Inc. Master Subscription Terms of Service and Order Form (collectively, the "Contract"). A copy of the Contract is attached as Exhibit A.

13. Plex has issued invoices and customer statements to Defendant in the ordinary course of business pursuant to the terms of the Contract. To date, Invoice Nos. 0140238, 0141058, 0141067, 0141448, 0141506, 0141158, 0142127, and 0143008 have all gone unpaid which materially breaches the parties' Contract. A balance of approximately $129,472.42 is past due as of the filing of this Complaint. Copies of the invoices and late fees are attached as Exhibit B collectively.

14. Section 3.1 of the Contract requires Defendant to pay the invoiced amounts within thirty (30) days of the date of the invoice.

15. On or about July 21, 2020, Defendant logged into and accessed Plex's cloud-based software.

16. Defendant has failed to pay invoiced amounts for its annual subscription for the Plex software solution and education services under the Contract and for other services under the Contract.

17. On June 9, 2020, July 23, 2020, and November 10, 2020 in an attempt to remedy the situation, Plex sent letters to Defendant detailing how Defendant materially breached the parties' Contract and demanding that Defendant pay the overdue invoices. Defendant ignored Plex's letters and failed to pay the invoices, which remain outstanding.

18. On December 16, 2020, Plex's outside counsel sent a letter to Defendant demanding that Defendant pay in full the overdue invoices and late fees per the terms of the Contract by December 29, 2020.  Defendant also ignored this letter and the $129,472.42 remains outstanding.

19. Defendant owes Plex $129,472.42 under the Contract, plus interest, costs, and attorneys' fees.

## **COUNT I – BREACH OF CONTRACT**

20. Plex restates and incorporates all of the preceding paragraphs of its First Amended Complaint.

21. The Contract entered into between Plex and Defendant is valid, enforceable and supported by consideration.

22. Plex has at all relevant times performed its obligations under the Contract.

23. Defendant has materially breached the Contract by, among other things, failing to pay the invoice issued by Plex, failing to pay for its annual subscription for the software solution and education services under the Contract, failing to pay for other services under the Contract, and failing to pay the Early Termination Fee under the Contract.

24. Plex has suffered compensable damages because of Defendant's material breaches of the Contract.

25. Plex's damages were or should have been foreseeable to Defendant.

26. Defendant is liable to Plex for its damages.

## **COUNT II – ACCOUNT STATED**

27. Plex restates and incorporates all of the preceding paragraphs of its First Amended Complaint.

28. Plex invoiced Defendant for its annual subscription services to the software solution and education services under the Contract, which is now reflected on Defendant's account.

29. Defendant agreed to pay the invoice pursuant to the terms of the Contract.

30. Defendant failed to object to the validity of charges invoiced within a reasonable time pursuant to the terms of the Contract.

31. Defendant has not paid the balance owing on the account, despite Plex's numerous demands for payment.

32. Defendant is now justly indebted to Plex in the amount of $129,472.42.

33. An affidavit verifying the balance due on the account is attached as Exhibit C.

34. Defendant is liable to Plex for its damages.

## COUNT III – UNJUST ERICHMENT

35. Plex restates and incorporates all of the preceding paragraphs of its First Amended Complaint.

36. Plex provided certain cloud-based Plex Manufacturing Execution and Plex EDI Trading Partner software and education services to Defendant.

37. Defendant received and retained the benefits of Plex's software and services but has refused to pay for them.

38. An inequity has arisen because of Defendant's retention of the benefits of Plex's software and services.

39. Defendant is liable to Plex for its damages.

## RELIEF REQUESTED

WHEREFORE, Plex respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

    A.    For compensatory damages;

    B.    For pre-judgment interest on any recovery by Plex;

    C.    For the costs of suit and attorneys' fees incurred by Plex; and

    D.    For such other and further relief in favor of Plex as the Court deems just, equitable or appropriate under the circumstances.

Dated: April 9, 2021

Respectfully submitted,

Hickey Hauck Bishoff Jeffers & Seabolt, PLLC

*/s/ Thomas S. Bishoff*
Thomas S. Bishoff (P53753)
William J. O'Brien (P83025)
1 Woodward Ave., Suite 2000
Detroit, MI 48226
313-964-8600
tbishoff@hhbjs.com
wobrien@hhbjs.com
*Attorneys for Plex Systems, Inc.*